## J. F. MULLANEY *et al.* v. OLIVER HUMES.

EVIDENCE — *Certified Paper Not a Part of Case-made.* Where a case is made for the supreme court, and such case is settled and signed by the judge of the district court, and attested by the clerk thereof, and attached to such case is a paper containing what purports to be the evidence introduced on the trial in the district court, and it is certified to be such by the official stenographer of the court, and such evidence is not otherwise identified or authenticated, *held,* that it cannot be considered as any part of the case-made.

### *Error from Rooks District Court.*

REPLEVIN. Judgment for plaintiff, *Humes,* at the November term, 1888. The defendants bring the case to this court. The opinion states the facts.

*W. B. Ham,* for plaintiffs in error.

*M. C. Reville,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an ordinary action of replevin, brought in the district court of Rooks county by Oliver Humes against R. W. Swan and J. F. Mullaney, to recover certain live stock. The defendants answered separately, each filing a general denial, the same attorney appearing for both. A trial was had before the court without a jury, and the defendants demanded that a separate judgment should be rendered as to each of the defendants; but the court, finding upon the evidence in favor of the plaintiff and against the defendants, rendered a

joint judgment against them in the alternative for a return of the property or for its value and for costs; and the defendants bring the case to this court for review. They allege in this court that the court below erred: (1) In rendering judgment for the plaintiff upon the evidence; (2) In not rendering a separate judgment as to each of the defendants; (3) in its findings as to the value of the property; (4) and in overruling the defendants' motion for a new trial.

The decision of every question presented to this court by the defendants below, plaintiffs in error, depends upon a consideration of the evidence introduced upon the trial in the court below, and yet it cannot be said that we have such evidence before us in any such form that we can consider the same. The case is brought to this court upon a case-made for the supreme court. This case-made contains the following statements:

"The foregoing contains a true and correct statement of all the pleadings, motions, orders, evidence, findings and proceedings upon which judgment was rendered.

"I, C. W. Smith, the undersigned attorney for the plaintiff in the foregoing suit, certify that the foregoing case-made was duly served on me, this 25th day of January, 1889.

C. W. SMITH, *Attorney for Oliver Humes, Plaintiff.*"

"STATE OF KANSAS, ROOKS COUNTY, ss.—This is to certify, that the foregoing above case-made and the amendments thereto have been duly served in due time, and the amendments thereto duly suggested and the same duly submitted for settlement and signing as required by law, by the parties to said cause; that the same, as above set forth, is true and correct, and contains a true and correct statement of all the pleadings, motions, orders, evidence, findings, proceedings and judgments had in such cause; and I hereby settle, allow, certify and sign the same as true and correct, and hereby order that the clerk of the district court attest the same with the name and seal of said court, and file the same of record as provided by law.

"WITNESS MY HAND, At Norton, Kansas, this 29th day of March, 1889.                                LOUIS K. PRATT,
                                                                *Judge of District Court.*

"Attest: GEO. O. FARR,
[SEAL.]      *Clerk of Dist. Court, Rooks Co., Kansas.*"

No evidence appears in the case-made preceding these statements, but after these statements and after the attestation of the case-made by the clerk of the district court, is a paper attached containing about 40 pages of what purports to be the evidence introduced on the trial in the district court, which evidence is certified to by M. D. Barstow, the official stenographer of the district court, as follows:

"STATE OF KANSAS, NORTON COUNTY, ss.—I hereby certify that the foregoing is a true and correct transcript of the short-hand notes taken by me of all the evidence produced on the trial of the above-entitled cause, and the same is correct, to the best of my knowledge and belief.

M. D. BARSTOW,
*Official Stenographer of the 17th Judicial District of Kansas.*"

There is nothing anywhere else to be found to identify this evidence, and without it we cannot review any of the alleged errors. It is certainly no part of the case-made.

The judgment of the court below will be affirmed.

All the Justices concurring.