LEWIS A. BELL et al. v. H. A. COFFIN.

DEFECTIVE RECORD—Appeal, Dismissed.   Where the only judgment of
the court below found in the record before the supreme court is
among papers purporting to be the evidence, affidavits and journal
entries attached to the case-made, but not made a part thereof by
reference, signature, or otherwise, the appeal will be dismissed.

*Error from Graham District Court.*

ACTION between *Lewis A. Bell* and *Malinda Bell* and *H.
A. Coffin.*   From the judgment entered the plaintiffs brought
error.   Defendant in error now moves to dismiss the cause.
The opinion herein, filed June 10, 1893, contains a sufficient
statement of the case.

*G. W. Jones,* for plaintiffs in error.

*Z. C. Tritt,* for defendant in error.

*Per Curiam:* And now comes on the motion filed in this
cause to dismiss the same for the reasons on file; and there-
upon comes the defendant in error, by his attorney, Z. C.
Tritt, and the plaintiffs in error, by their attorney, G. W.
Jones, and said motion is thereupon duly argued and sub-
mitted to the court.   And it appearing to the court that after
signing and attestation of the case-made there are about 20
pages of what purport to be questions of fact, affidavits, and a
journal entry containing the judgment of the district court, but
which are not included or made a part of the case-made by
reference, signature, or otherwise; and it further appearing
that, except in the papers attached as stated, there is no entry
of judgment or other final order embraced in the case-made,
this court cannot review any of the alleged errors, and, there-
fore, the motion to dismiss will be sustained, upon the fifth
ground alleged therein. (*Mullaney v. Humes,* 47 Kas. 99.)

In the absence of a judgment against the plaintiffs in error,
this court cannot say whether any of the alleged errors are
material or immaterial.   The judgment, or the substance

thereof, should have been stated before the signature of the judge and the attestation on the case-made, or the papers attached to the case-made, after such signature and attestation, should have been referred to and made a part of the case-made as exhibits, or in some other clear and conclusive manner.